355 P.2d 898

Joseph R. CULLISON and Susan W. Cullison, husband and wife, Appellants,

v.

PRIDE O'TEXAS CITRUS ASSOCIATION, a copartnership and M. W. Held and Olive Held, husband and wife, and R. A. White, dba Pride O'Texas, as individuals, Appellees.

No. 6547.

Supreme Court of Arizona.

Oct. 5, 1960.

Marvin Johnson, Phoenix, for appellants.

Jennings, Strouss, Salmon & Trask, Phoenix, for appellees.

UDALL, Justice.

Defendants, a Texas copartnership and individuals, advertised two used cotton pickers for sale representing that they were in "A-1 mechanical condition." Responding to the advertisement, plaintiff, Mr. Cullison, contracted defendants and after some negotiation with their agent arranged to have the machines shipped from Texas to Wellton, Arizona where plaintiff's farm was located. Plaintiff paid the cost of shipping the machines although he intended to purchase only one of them.

Plaintiff Cullison intended to be present when the machines were delivered but being unexpectedly prevented he had the delivery made at the farm of his neighbor (Mr. Hamilton) with whom he intended to share the use of the machine. Mr. Hamilton and Mrs. Cullison, plaintiff's wife, were present when the machines were delivered. Mrs. Cullison selected one of the machines which she and Mr. Hamilton inspected while it was being assembled. Then Mr. Hamilton rode the machine while defendants' agent, Siegel, demonstrated it for one round in a cotton field. Thus satisfied, Mrs. Cullison wrote a message which she sealed and gave to defendants' agent for delivery to plaintiff. After reading the message, plaintiff paid half the purchase price and executed a note for the remainder.

Plaintiff did not see the machine until a month after the purchase. During the interim it had some use by an inexperienced operator. Plaintiff testified that when he saw the machine it was not in "A-1 mechanical condition." His experts who were competitors of the defendants and who examined the machine only after some use by plaintiffs testified that when they saw the machine it was in need of substantial repairs.

Plaintiff thereafter brought this action in fraud and to cancel the note which he executed for part of the purchase price. He alleges that defendants' representation that the machines were in "A-1 mechanical condition" was fraudulent and that he relied·

thereon to his detriment. The trial court, sitting without jury, held for defendants.

The nine essential elements of fraud have been often repeated by this court since they were first set out in Moore v. Meyers, 31 Ariz. 347, 253 P. 626. It is fundamental in this jurisdiction that "there can be no actionable fraud without a concurrence of *all* the elements thereof." Wilson v. Byrd, 79 Ariz. 302, 304, 288 P.2d 1079, 1081. (Emphasis in original.) While a direct affirmative allegation of all essentials of fraud is not necessary, Wood v. Ford, 50 Ariz. 356, 72 P.2d 423, a failure to prove any one of the elements would be fatal to any case sounding in fraud. Indeed, the proof must be clear and convincing, particularly where, as here, the parties are dealing at arms length and no confidential or fiduciary relationship exists. In re McDonnell's Estate, 65 Ariz. 248, 179 P.2d 238.

In reviewing the refusal of a trial judge, sitting without jury, to find fraud we are bound to sustain that action if the record shows that as to any of the essential elements, the trier of fact was reasonably justified in finding that the party alleging fraud failed to meet the standard of clear and convincing proof. We have repeatedly held that where no findings of fact were made or requested we must presume the trial court found the necessary facts upon which to predicate its judgment, providing there is evidence in the record to support the judgment of the trial court. See, e. g., Funk v. Spalding, 74 Ariz. 219, 246 P.2d 184; Upton v. East-West Realty Co., 81 Ariz. 58, 299 P.2d 646.

Because of the time lapse between purchase of the machine and examination by the plaintiff and his expert witnesses and the failure adequately to connect their testimony with the condition of the machine at the time of purchase we have some doubts that the record compels a finding of false representation. But aside from our doubts about the proof of false representation we think the record amply supports a finding that plaintiff failed to show clearly and convincingly that he relied and that he had a right to rely on the defendants' representations. It is, therefore, unnecessary to consider whether any of the other elements of fraud were proved.

The representation which plaintiff alleges he relied on was defendants' representation by his agent and by advertisement that the machine in question was in "A-1 mechanical condition." However, by his own testimony he casts doubt on his reliance as follows:

"Q. What does A-1 mechanical condition mean to you? A. Well, I am not contending that we restricted it to A-1, mechanical condition, but to

me it means a machine that is ready to operate."

Incidentally, the machine did in fact operate for some time after its purchase by plaintiff.

Plaintiff, a man of considerable experience with farm equipment and some familiarity with this particular make of cotton picker, knew the machine was used and how long it had been used. Experienced businessmen do not ordinarily rely on such general statements as "A-1 condition" by persons with whom they have had no prior dealings as a sole basis for their business judgment when buying used equipment. The expression "A-1 condition" in cases of this type approaches being the classic example of "trade talk" or "puffing" to which the maxim of *caveat emptor* applies. See, Sorrells v. Clifford, 23 Ariz. 448, 204 P. 1013. The record would support a finding that this plaintiff did not rely on this generalization. At the very least, it shows that he did not prove clearly and convincingly that he so relied.

The evidence would sustain a finding that the plaintiff paid the cost of shipping the machines from Texas to Arizona so he would not have to rely on these representations. He was given his choice between two machines. Either he or his agent would of necessity have to be present to make a selection. According to his own testimony, he intended to be present to inspect them when delivered.

The clear implication of this evidence is that plaintiff, knowing how much use the machines had been put to, undertook to determine for himself if they were worth the purchase price; that being prevented from being present he was represented by his agents; and that he consummated the deal only after report of their satisfactory inspection. In the face of such evidence, we cannot say that the trial judge acted unreasonably in holding that plaintiff failed to prove clearly and convincingly all the elements of fraud including reliance and the right to rely. We have repeatedly said:

"Where the purchaser undertakes to make investigations of his own, and the vendor does nothing to prevent his investigation from being as full as he chooses to make it, the purchaser cannot afterward allege that the vendor made misrepresentations." Mitchell Mining Co. v. Hammons, 12 Ariz. 300, 305, 100 P. 795, 796; Sorrells v. Clifford, supra.

Resolving, as we must, all doubts in favor of the validity of the court's judgment we find no difficulty in sustaining this judgment.

Affirmed.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN and LESHER, JJ., concur.