367 P.2d 239

William CALDWELL, Appellant,

v.

Dan TILFORD, Appellee.

No. 6731.

Supreme Court of Arizona,

In Division.

Dec. 20, 1961.

Rehearing Denied Jan. 16, 1962.

Charles Christakis, Phoenix, for appellant.

Trew, Woodford & Dodd, Phoenix, for appellee.

CHARLES P. ELMER, Superior Court Judge.

In this action the appellant, who was the plaintiff below and will be so referred to, sued the appellee, defendant below, in two counts arising out of the same transaction.

The first count is for rescission of a contract made on June 8, 1956, involving the sale of certain real property by defendant to the plaintiff. Plaintiff alleged in his complaint that while prior to institution of the action, he fully performed all obligations of the contract, the defendant breached the same by failing to install a gas meter to service the property as promised.

Plaintiff also alleged that defendant had orally promised to construct a road or street which would abut and pass by the subject property in order to provide ingress and egress therefrom, but that defendant, despite repeated demands, failed and refused to perform.

Plaintiff's second count was based on an alleged fraud, charging in the complaint that defendant had falsely promised and agreed to build the road and to furnish and install the gas meter but that in truth and in fact he never intended to and did not do so, resulting in damages to the plaintiff in the sum of $2,000.00, for which he sought judgment, together with punitive damages, costs of suit and other proper and just relief.

After the pleadings were read to the jury, defendant moved to dismiss the first count

upon the ground that plaintiff sought thereby to have the contract of sale cancelled. In support of this motion defendant argued that if plaintiff actually sought cancellation, he thereby waived all rights and obligations of the parties. Thereupon, plaintiff moved to amend the first count to show he actually sought rescission. This motion was granted and the motion to dismiss denied.

The cause then proceeded to trial but when plaintiff rested, defendant moved for a directed verdict. Plaintiff thereupon asked permission to amend his complaint to conform to the evidence in order to allege a claim for money had and received, for rescission and damages for misrepresentation. Plaintiff also requested that he be allowed to reopen his case so that he might supply additional proof of expenditures incurred by him in reliance on the contract.

Plaintiff's motions were denied and the defendant's motion for a directed verdict was granted. Judgment was duly entered on this verdict in favor of the defendant and against the plaintiff. After denial of plaintiff's motion to set aside the judgment and for a new trial, this appeal followed.

On appeal, the plaintiff has assigned seven errors, some of which can be discussed together, and all of which are considered herein.

Before proceeding to consideration of the assignments of error, it would appear that a brief review and comment on the evidence is in order. The transcript of the testimony shows that plaintiff was ill-prepared to testify in this case as a witness on his own behalf so far as having any documentary proof of expenditures made by him in connection with the contract of purchase. Indeed, the correctness of the trial court's denial of his application to amend his complaint so as to convert the first count into a claim for money had and received becomes readily apparent when we consider his unsupported guesses as to moneys laid out by him for the purchase of gaspipe, as only one example.

The evidence does show that the parties entered into an escrow agreement with Lane Title & Trust Company, which provided, in the part material to this action:

"Seller agrees to install water meter and gas meter to service property."

No special agreement with regard to an access road was set up nor was anything set forth to provide whether the buyer or seller should furnish or install necessary water and gas pipe. It being elementary that the antecedent oral agreements of the parties are presumed to be set forth in the writing and that such writing may not ordinarily be changed by parol evidence, it becomes apparent that the trial court had no choice but to exclude all evidence which might have this effect, unless plaintiff successfully advanced some reason which might constitute an exception to the rule.

Plaintiff did seek to do exactly this by charging that the defendant had perpetrated a fraud on him by orally agreeing to build this access road and to do these other things in the future, well knowing at the time he made the promise he had no intention of fulfilling it.

Plaintiff assigns as error the refusal of the trial court to consider his second count, which was based on the charge of fraud, because the lower court's refusal was seemingly based on the erroneous belief that fraud must pertain to the misrepresentation of some existing fact and may not be predicated on something which is to come into being in future.

█ It is true we have held the rule in this jurisdiction to be that a fraud may be perpetrated through the promise to perform an act in future if, at the time it is made, the promisor has no intention of ever performing. Lusk Corporation v. Burgess, 85 Ariz. 90, 332 P.2d 493 (1958); Employer's Liability Assurance Corporation v. Heaton Lunt & Son, 82 Ariz. 320, 313 P.2d 393 (1957); Waddell v. White, 56 Ariz. 420, 108 P.2d 565 (1940).

█ Without doubt the propositions of law stated by plaintiff in support of this assignment of error correctly state abstract propositions. But, of course, plaintiff may not single such out and rely thereon for reversal if, in so doing, he ignores other law which is equally applicable to his fact situation. That is what he has attempted to do here. The contract of sale contains no provision for the construction by defendant of an access road and, therefore, unless the written agreement is ambiguous or other legal ground therefor is charged, the writing may not be modified by parol. It is here observed that plaintiff at no time sought to have the agreement reformed and his evidence and offer of proof fell far short of establishing a fraud in this regard.

█ Plaintiff also charged by assignment of error No. 6 that the lower court erred in granting the motion for a directed verdict. This is predicated on the claim that he had made out a prima facie case for rescission with damages. We have carefully reviewed the evidence in this case and it appears to us, as it must have appeared to the trial court, that the only breach of the contract which we might consider proven against the defendant was his failure to furnish the gas meter. While no time for supplying same was set forth in the contract, the lower court no doubt felt that a reasonable time had elapsed within which such could and should have been done. Plaintiff installed one at his own expense but his evidence as to the extent to which this breach damaged him was vague, indefinite and interwoven with a demand for moneys outlaid by him for gas pipe. The contract did not obligate the defendant to

furnish this latter item. In any event, we hold the trial court ruled correctly that such a minor breach would not be sufficient to authorize rescission. In Cracchiolo v. Carlucci, 62 Ariz. 284, 157 P.2d 352, 355 (1945), we said:

"* * * Where a contract has been partly performed by one party and the other has derived a substantial benefit therefrom, the latter cannot refuse to comply with its terms simply because the former fails to complete performance. Where there has been part performance and there is a breach of a promise which goes to only a part of the consideration and the breach may be compensated for in damages, the breach does not relieve the other party from his obligation to perform his promise. These general principles of law are set forth in 12 Am.Jur., Contracts, sec. 343. We believe them to be applicable to the facts here. * * *"

█ The refusal of the trial court to permit plaintiff to reopen his case for the purpose of introducing additional evidence to support his demand for rescission and claim of fraud is also assigned as error. In support of this application, plaintiff's counsel read to the court a letter he had addressed to defendant's attorney on March 28, 1957, wherein he tendered the property back to defendant, upon the condition that defend-

ant pay plaintiff the sum of $2,000.00 within seven days. This sum of money was to recompense him for costs and expenses in the purchase of the property "together with the amount of inconveniences and deprivation that he has had to undergo in connection with this purchase * * *."

Plaintiff became entitled to possession of the property on June 8, 1956; actually took possession shortly thereafter and remained in possession until August, 1957. He made no payments on the purchase price after May, 1957, yet his offer to return the property failed to take into account the reasonable value of the use of the property during his occupancy. He cites our decision in Reed v. McLaws, 56 Ariz. 556, 110 P.2d 222, 225 (1941) in support of his claim that he was entitled to rescind. But in that case we quoted the definition of rescission from Black on Rescission and Cancellation with approval. It is as follows:

"'* * * Rescission necessarily involves a *repudiation of the contract and a refusal* of the moving party to be further bound by it. But this by itself would constitute no more than a breach of the contract or a refusal of performance, while the idea of rescission involves the additional and distinguishing element of a restoration of the *status quo,* that is, an offer by the moving party to restore all that he has re-

ceived under it, with a demand for the similar restoration to him of all that he has paid or given under it, and, in effect, a mutual release of further obligations. * * *' Black on Rescission and Cancellation, 2d Ed., Vol. 1, sec. 1, page 1."

We hold that plaintiff's evidence was insufficient to constitute a claim against defendant under either of the counts set forth in the complaint.

Plaintiff also charges that the trial court abused its discretion by not permitting him to amend his complaint to conform to the evidence and in denying him the right to reopen his case for the purpose of presenting additional evidence for the reason that leave to amend and to reopen should be freely given in order that justice may be done. This, of course, in the abstract is a correct statement of the rule. But in this case, in support of his application to reopen, plaintiff made an offer of proof which amounted to no more than conclusions which he hoped could be drawn from unnamed witnesses. This was wholly insufficient. We have heretofore discussed the application for leave to amend and cannot agree there was any abuse of discretion.

The judgment is affirmed.

BERNSTEIN, V. C. J., and UDALL, J., concurring.