412 P.2d 306

Adelbert F. JAMISON, Appellant,

v.

SOUTHERN STATES LIFE INSURANCE COMPANY, a Texas corporation, Appellee,

Howd K. Black and Jane Doe Black, his wife, Respondents.*

No. I CA–CIV 282.

Court of Appeals of Arizona.

March 16, 1966.

* This appeal was filed with the Arizona Supreme Court and assigned that court's No. 7086. The matter was referred to this court pursuant to A.R.S. § 12–120.23.

Hughes & Hughes, by Coit I. Hughes, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, by John S. Hobbs, Phoenix, for appellee.

MOLLOY, Judge.

This is an appeal from a judgment rendered on a motion for judgment on the pleadings granting judgment to the plaintiff on a promissory note in the sum of $16,140.20 plus attorney's fees and costs.

The complaint filed incorporated a copy of a promissory note. The defendant filed an answer together with a counterclaim and

third party complaint. The answer admitted the execution of the note in question but alleged that the note was given:

"* * * in connection with the issuance of an insurance policy by plaintiff, said policy being taken for and in consideration of mortgage loans to be made by the plaintiff to the defendant; * * * (2) That plaintiff has never made a mortgage loan or otherwise to defendant, which was the sole consideration for the taking of the policy and the execution of Exhibit 'A' [the promissory note in question]; and that plaintiff has failed and refused and continues to refuse to make a mortgage loan in consideration of performance by the defendant herein."

In the counterclaim and third party complaint, which was against one Howd K. Black, who was alleged to be "* * * the duly authorized agent for the plaintiff herein * * *," it was alleged that the said Black, while "* * * acting within the course and scope of his employment * * *" had represented to the defendant that if the defendant would take out the insurance policy in question "* * * that mortgage money would be immediately forthcoming * * *," that said Black represented to the defendant that the life insurance policy would not be issued and that the same would not be paid for unless plaintiff made mortgage loans to the defendant, that these representations were false and made with the intent and purpose of compelling the defendant to make the payment on the promissory note given, that the said Black made these representations knowing that the plaintiff did not have sufficient reserves or did not make mortgage loans within the State of Arizona in a sum sufficient for the development projects of the defendant which were outlined to said Black, that the defendant relied upon the representations made by Black in signing the note in question, that in reliance upon the said misrepresentations the defendant expended monies in the planning of an extended program of development and did not seek mortgage money from

other sources for the projects planned and that by reason thereof the defendant had been damaged in the sum of $100,000.00.

A motion for judgment on the pleadings, for the purposes of the motion, admits all well-pleaded material allegations of the opposing party's pleading and all allegations of the moving party which had been denied are taken as false. Judgment on the pleadings may be granted only if the facts of the case, as so admitted and denied, clearly entitle the moving party to judgment. Young v. Bishop, 88 Ariz. 140, 353 P.2d 1017 (1960).

The minute order directing entry of judgment in the plaintiff's favor made by the trial court read, in part, as follows:

"This matter has been under advisement.

"The court finds additionally that the contract to loan money, alleged in the counter-claim is in violation of Sec. 20-449 ARS and therefore unenforcible.

"Plaintiff's motion for judgment on the pleadings is granted."

In the briefs filed in this court we are told that the principal reason for the court's ruling below was that it considered the case to be controlled by the law of parol evidence. Appellee's brief takes the position that the promissory note in question together with the insurance contract referred to in the defendant's answer constitute an integrated contract which may not be varied, altered or modified by the oral agreement alleged in the answer and counterclaim.

The insurance contract in question was not before the trial court nor is it before this appellate court, inasmuch as the contract was not incorporated in any of the pleadings nor was there any evidence introduced in the trial court. Without knowing what this contract contains, it is not possible to determine as a matter of law that an integrated contract exists.

Before the parol evidence rule may be invoked, there first must be a deter-

mination that there has been an integration of an agreement into a writing or writings. Higgins v. Arizona Savings And Loan Association, 90 Ariz. 55, 61, 365 P.2d 476, 481 (1961); Restatement, Contracts § 228. A partial integration of the understandings between the parties is always a possibility. The partiality of the integration may appear from the terms of the written agreement itself, and, if so, that portion of the agreement obviously not intended to be integrated into the written document can be established by parol evidence and enforced. Restatement, Contracts § 229. We therefore reject the appellee's major premise that from these pleadings alone the trial court was justified in holding as a matter of law that an integration of the agreement between the parties foreclosed proof of the oral contract alleged.

■ However, even if the insurance contract were before us, and were in the usual form of a life insurance contract, we cannot see that this would prevent the defendant from having his day in court on the allegations of an oral contract to make mortgage loans and the purported fraud of the plaintiff's agent.

■ It is true that generally when there has been at least a partial integration of an agreement, and if the written instrument does not indicate that it is only partial, an integration of the whole agreement is presumed and parol evidence is excluded. Restatement, Contracts §§ 229 and 239. But, there are several well-established exceptions to this law, and two of these exceptions are applicable to the pleadings before us now.

■ The first of such exceptions pertains to proof of fraud. This court has previously held that the parol evidence rule does not preclude the showing that a written contract was entered into in reliance upon fraudulent representations. Dowdle v. Young, 1 Ariz.App. 255, 401 P.2d 740 (1965).

The Restatement, Contracts § 238, states:

"Agreements prior to or contemporaneous with an integration are admissible in evidence * * * (b) to prove facts rendering the agreement void or voidable for illegality, fraud, duress, mistake or insufficiency of consideration. * * *"

The appellee contends that the answer and counterclaim do not properly plead fraud in that (1) the pleadings do not allege that the defendant had a right to rely upon the misrepresentations and (2) that the misrepresentations alleged were as to future facts rather than existing facts. In Moore v. Meyers, 31 Ariz. 347, 354, 253 P. 626, 628 (1927), the nine "elements" of fraud were laid out, and these nine elements are still considered to be essential. Cullison v. Pride O'Texas Citrus Association, 88 Ariz. 257, 355 P.2d 898 (1960). However, it has also been held that a direct affirmative allegation of the right to rely is not necessary. Wood v. Ford, 50 Ariz. 356, 72 P.2d 423 (1937). In the Wood case, as here, there was no affirmative allegation of the right to rely and the court said:

"As to whether a complaining party had a right to rely on the representations as true or not cannot be determined by an affirmative allegation to that effect, but it must be determined from facts alleged." 50 Ariz. 356, 360, 72 P.2d 423, 425 (1937)

■ In the instant case, if the facts alleged are established, the right to rely would follow. Restatement, Torts § 538. We hold that the failure to allege the conclusion of law that the defendant had a right to rely upon the misrepresentations alleged is not fatal to the answer and counterclaim.

■ As to the contention that the representations were as to future events, it is the law of this state that a promise to do something in the future, with the present intent not to perform, is such a mis-

representation as will give rise to an action in fraud. Law v. Sidney, 47 Ariz. 1, 53 P. 2d 64 (1936); Caldwell v. Tilford, 90 Ariz. 202, 367 P.2d 239 (1962). We hold that the allegations pertaining to fraud in the subject answer and counterclaim sufficiently allege a present intent not to perform so as to successfully resist a motion for judgment on the pleadings.

The other exception to the parol evidence rule which appears to have pertinency, so as to preclude rendering judgment on the pleadings for the plaintiff, are the allegations pertaining to the collateral agreement to make mortgage loans. Restatement, Contracts § 240 is pertinent:

"§ 240. In What Cases Integration Does Not Affect Prior or Contemporaneous Agreements.

"(1) An oral agreement is not superseded or invalidated by a subsequent or contemporaneous integration, nor a written agreement by a subsequent integration relating to the same subject-matter, if the agreement is not inconsistent with the integrated contract, and

"(a) is made for separate consideration, *or*

"(b) *is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract.*" (Emphasis added.)

■ If there was an oral agreement to make mortgage loans in consideration of the taking of an insurance policy, it would be most unnatural that any such agreement should be placed in either the promissory note or the life insurance policy. This is particularly so if such a contract is in violation of statutes regulating the insurance industry, as apparently believed by the trial court. A decision permitting proof of a collateral agreement to make a mortgage loan, when a life insurance company is suing upon a note given for a premium, is Smith v. Dotterweich, 200 N.Y. 299, 93 N.E. 985, 33 L.R.A.,N.S., 892 (1911).

The reason given "additionally" for the trial court's decision was that the oral agreement alleged in the answer and counterclaim would be a violation of A.R.S. § 20–449. This section reads as follows:

"§ 20–449. Rebates on life or disability insurance

"Except as otherwise expressly provided by law, no person shall knowingly permit or offer to make or make any contract of life insurance, life annuity or disability insurance, or agreement as to such contract other than as plainly expressed in the contract issued thereon, or pay or allow, or give or offer to pay, allow or give, directly or indirectly, as an inducement to such insurance or annuity, any rebate of premiums payable on the contract, or any special favor or advantage in the dividends or other benefits thereon, or any valuable consideration or inducement whatever not specified in the contract."

■ This section was not pleaded and was not relied upon as a grounds for recovery or defense by the appellant. Accordingly, this court does not decide whether a contract such as that alleged in the answer and counterclaim would be a violation of this section. However, the court does hold that if the alleged oral contract be illegal, under this section, the entire alleged contract would fall, including the promissory note given by the defendant as consideration, so that the possibility of illegality does not sustain the trial court's ruling. Under the allegations of the answer and counterclaim, the agreement to make mortgage loans was an integral part of the entire bargain between the parties, and there would be no basis for segregating out of this bargain the legal elements and voiding the illegal portions only. The consideration to be given by the defendant, according to his allegations, was the promissory note in question. It was not apportioned between the two promises alleged to

have been made by the plaintiff, that is, the furnishing of a life insurance policy and the making of mortgage loans. If these allegations are true, and if the promise to make mortgage loans is an illegal promise under A.R.S. § 20-449, then this bargain cannot be enforced by either party, unless some special exception prevails which is not apparent from these pleadings. Restatement, Contracts § 598.

Accordingly, the judgment rendered below in favor of the plaintiff is set aside and the case remanded for further proceedings consistent with this opinion.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12-120, subsec. E.