489 P.2d 847

KWIK–TECK, INC., a Missouri corporation; and Tom Jackson & Associates, Inc., an Arizona corporation, Appellants,

v.

Dwain ESPER and Hildagarde Esper, his wife, Appellees.

No. 10339.

Supreme Court of Arizona, In Division.

Oct. 12, 1971.

Rehearing Denied Nov. 4, 1971.

Neal T. Roberts, Phoenix, for appellant, Kwik-Teck, Inc.

Richard V. Campana, Scottsdale, and Snell & Wilmer by John E. Lundin, Phoenix, for appellant, Tom Jackson & Associates, Inc.

Hughes, Hughes & Conlan by John C. Hughes and Coit I. Hughes, Phoenix, for appellees.

HAYS, Vice Chief Justice.

In January, 1966, plaintiff-appellees, Dwain Esper and Hildagarde Esper, his wife (hereinafter referred to as the Espers), listed their home at 4301 North 56th Place, Phoenix, Arizona, for sale with defendant-appellant, Tom Jackson & Associates, Inc., an Arizona corporation (hereinafter referred to as Jackson), at a price of Fifty-nine Thousand Five Hundred Dollars ($59,500.00).

Thereafter, between January and March of 1966, Gordon French, a salesman employed by Jackson, brought to the Espers three separate purchase offers from the defendant-appellant, Kwik-Teck, Inc., a Missouri corporation (hereinafter referred to as Kwik-Teck), each of which involved trades of property. Although the first two of such offers from Kwik-Teck were rejected, the third offer, pursuant to which Kwik-Teck would transfer to the Espers Thirty-five Thousand Dollars ($35,000.00) in cash and Fifteen Thousand Dollars ($15,000.00) by trade of an equity position in Tract "A", Ocotillo Park, was accepted by the Espers and the sale was closed on April 1, 1966. Jackson's commission on this transaction was not paid by the Espers but rather by Kwik-Teck.

Shortly after the sale closed, however, the Espers discovered that the equity position of Kwik-Teck in Tract "A", Ocotillo Park, was not Fifteen Thousand Dollars ($15,000.00), as represented by the defendant-appellants prior to the consummation of the transaction, but was, in fact, valueless. As a result of this disparity between the purported and actual equity of Kwik-Teck in the traded property, the Espers realized but Thirty-five Thousand Dollars ($35,000.00) of an anticipated and expected Fifty Thousand Dollar ($50,000.00) return from the sale of their home.

On July 20, 1966, the Espers instituted suit in the Superior Court of Maricopa County and alleged that Kwik-Teck and Jackson, through their agent, Gordon French, had fraudulently misrepresented the value of Tract "A", Ocotillo Park, and thereby should respond for Fifteen Thousand Dollars ($15,000.00) in actual damages, together with an unspecified amount of punitive damages.

The trial was held before a jury in October, 1969, and at its close, the court properly instructed the jury, with respect to the appropriate burden of proof in the case, that in order for the Espers to prevail against Kwik-Teck and Jackson on their allegation of fraud, they had to show, by clear and convincing evidence, each of the nine elements included therein. Cullison v. Pride O'Texas Citrus Ass'n, 88 Ariz. 257, 355 P.2d 898 (1960); In re Estate of McDonnell, 65 Ariz. 248, 179 P.2d 238 (1947).

The trial court further instructed the jury, pursuant to an instruction advanced by the Espers counsel, on the burden of proof that must be sustained for an award of punitive damages. This punitive damage instruction, however, appeared in the record as follows:

"If you, the jury, should find from clear and convincing evidence in this case that the plaintiff is entitled to a verdict—I have misread that. Please ignore that statement and I shall read the instruction again.

If you, the jury, should find from a preponderance of the evidence in this case, that the plaintiff is entitled to a verdict for actual, or compensatory damages, and should further find that the act, or omission of the defendants, which proximately caused actual injury or damage to the plaintiff, was maliciously or wantonly, or oppressively done, then you, the jury may, if in the exercise of discretion you so choose to do, add to the award of actual damages such amount as you shall agree to be proper as punitive and exemplary damages." (Transcript of Proceedings at pp. 378–379)

Subsequently, the jury returned a verdict for the Espers with an actual damage

award of Fifteen Thousand Dollars ($15,-000.00) and Jackson and Kwik-Teck appealed.

Both Jackson and Kwik-Teck contend on appeal, among other things, that the instruction on punitive damages, as presented to the jury by the court, was of such a nature as to obscure the burden of proof, i. e., clear and convincing evidence, that must be sustained by a plaintiff in order to prevail in an action based on fraud. Pursuant to the punitive damage instruction given by the trial court, urge the appellants, the jury could have applied to the evidence either a preponderance of the evidence or a clear and convincing test in their Fifteen Thousand Dollar ($15,000.00) award of actual damages to the Espers and, therefore, the jury verdict must be reversed. We agree with this position.

In Noland v. Wooten, 102 Ariz. 192, 194, 427 P.2d 143, 145 (1967), we said that "[i]f an instruction is misleading to the jury and prejudices the appellant's rights, then the giving of that instruction constitutes reversible error. Krauth v. Billar, 71 Ariz. 298, 226 P.2d 1012 (1951)." Therefore, under the circumstances in the present case, we find that the trial court committed reversible error by giving the punitive damage instruction advanced by the Espers counsel since the language used tended to obscure the proper standard to be applied by the jury in order for them to determine whether the Espers had been the victims of a fraudulent transaction.

We need not consider the other contentions urged upon us by the appellants in this appeal because of our finding of reversible error on the jury instruction issue.

The verdict of the jury for the Espers must be reversed and this cause remanded for further proceedings consistent with this opinion.

CAMERON and LOCKWOOD, JJ., concur.