[Civil No. 1277.  Filed December 23, 1912.]

[128 Pac. 805.]

WILLIAM KLINE, Appellant, v. JOE KLINE, ANNIE KLINE–BLOCK and IDA KLINE, Appellees.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—IMMATERIAL QUESTIONS. Rulings on evidence which become immaterial in view of the theory of the case adopted by the court on appeal will not be considered.

2. DEEDS—SUIT TO SET ASIDE—EVIDENCE—ADMISSIBILITY.—In a suit by a grantor to set aside a deed to his infant children on the ground of duress, undue influence and inadequacy of consideration, probate court proceedings resulting in his appointment as guardian

XIV Ariz.—24

of the children subsequent to the execution of the deed on his application for appointment, and his management of the estate, including the giving of a mortgage thereon under order of court, are admissible as bearing on the construction placed on the transaction by him.

3. APPEAL AND ERROR—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE.—The error, if any, in allowing testimony merely corroborative is harmless, where the same result must necessarily have been reached if the testimony had been excluded.

4. DEEDS—VALIDITY—UNDUE INFLUENCE—DURESS.—Duress and undue influence justify the cancellation of a deed procured thereby when established by clear and convincing proof.

5. DEEDS—VALIDITY—"DURESS."—Duress, to be available as a ground to set aside a deed, must be such as to excite an apprehension or fear of great bodily harm or illegal punishment, and the violence or threats must be of such a degree as to cause one of ordinary firmness and courage to yield, but, to avoid a deed on the ground of duress *per minas*, the threats must be such as to strike with fear one of common firmness and constancy of mind.

6. DEEDS—DURESS—EVIDENCE — SUFFICIENCY.—Evidence *held* not to show that a deed was procured by duress.

7. DEEDS—VALIDITY — "UNDUE INFLUENCE."—Undue influence, as a ground for setting aside a deed, must destroy free agency, and mere improper influences are not sufficient where they do not amount to fraud, and it must appear that the influence was exercised at the time of the execution of the deed.

8. DEEDS—EXECUTION—UNDUE INFLUENCE—EVIDENCE—SUFFICIENCY.— Evidence *held* to show that a deed was not procured by undue influence.

9. APPEAL AND ERROR — FINDINGS — CONCLUSIVENESS.—A finding on conflicting testimony will not be disturbed on appeal.

10. DEEDS—VALIDITY — INADEQUACY OF CONSIDERATION.—Want or inadequacy of consideration is not by itself a ground for setting aside a deed, and a voluntary deed, without consideration, can only be avoided by someone having equities against it.

11. DEEDS—VALIDITY—DURESS.—A deed executed under duress is voidable merely.

12. DEEDS—VALIDITY—UNDUE INFLUENCE.—A deed made under undue influence is voidable merely.

13. DEEDS—VALIDITY—WANT OF CONSIDERATION.—A voluntary deed made without consideration or for inadequate consideration is voidable merely.

14. CONTRACTS—VOIDABLE CONTRACTS—RATIFICATION.—A contract which is merely voidable because contrary to good conscience or equity may be ratified, and when ratified is binding.

15. DEEDS—VALIDITY—RATIFICATION.—A grantor sought to set aside a deed to his infant children on the ground of duress, undue influence, and want of consideration. After its execution he was appointed guardian of the children. During the same year he applied to the probate court for an order to mortgage the property conveyed, and alleged that the entire estate of the children consisted of such property. The application was granted, and he made a mortgage as guardian. He made his annual account of his administration of the estate, describing the premises conveyed, and his account was allowed by the probate court. He performed a great many acts as guardian in connection with the management of the estate, and, when necessary, applications for authority to perform the acts were sworn to or acknowledged by him as guardian, and this condition existed until the children arrived at maturity some years later. *Held,* to show a ratification of the deed, and he could not, after the maturity of the children and their assertion of title, maintain an action to set aside the deed.

APPEAL from a judgment of the Superior Court of the County of Cochise. Fred Sutter, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

The appellant, as plaintiff, commenced this action in March, 1911, to cancel a deed conveying certain lots in the city of Douglas to Joe and Annie Kline, made by him on the fifteenth day of October, 1902, and praying for a surrender of the property to him, and for an accounting for rents and profits from March 5, 1911. Appellant and defendant Ida Kline are husband and wife, and Joe and Annie Kline are their children. Since the commencement of this action Annie Kline, the daughter, married one Block. Ida Kline is made a defendant for the alleged reason she refused to become a plaintiff in the action. At the date the deed sought to be canceled was made, Joe Kline was fifteen years of age, and the daughter, Annie, was thirteen years of age.

As reasons for canceling the deed, the plaintiff alleges in brief that the son and daughter and their mother on and for some time prior to the date of signing the deed "made continuous, constant, vexatious, annoying, unreasonable, and groundless demands on the plaintiff that he execute to said minors a deed for said lots and for such purpose the said Joe Kline actually inflicted on the plaintiff physical violence and injury, and said Ida Kline cursed and abused the plaintiff, all to such an extent that said parties were in a constant,

vexatious, quarrelsome turmoil and controversy, and so that it was impossible for the plaintiff and defendant to live in peace and happiness and absolutely destructive to plaintiff's peace of mind, judgment, and mental control, . . . and that said acts of defendants caused and exercised over plaintiff such undue influence, fear, and duress that he was incapable of exercising his mental faculties and ordinary and usual discretion and judgment, . . . and being unable longer to endure such conduct and actuated solely by such acts and demands of defendants, and by such undue influence, duress, and fear and its effect on him, . . . on said date executed to said minor children a deed to said lots . . . and such condition of mind continued until the commencement of this action. That said deed was made without any consideration whatever, . . . and the said expressed consideration of one dollar . . . " was never paid. "That the said deed was, however, made and delivered with the express understanding and agreement of plaintiff with defendants at the time of such execution that the same should not actually and in fact convey the title to said minors. . . ." The deed recites a consideration of one dollar paid by the parties of the second part to the party of the first part, and "to have and to hold the same . . . and all the estate, right, title, interest, and claim whatsoever . . . to the only proper use, benefit, and behoof of the said parties of the second part, their heirs and assigns forever." The deed is regularly acknowledged and filed and recorded at the request of defendant Joe Kline.

The plaintiff claims remuneration for improvements made on the property from his personal funds aggregating a large sum in excess of the income, rents, issues, and profits of the property, which claim defendants deny. The defendants deny every allegation except the making and delivery of the deed. They allege as new matter that plaintiff shortly after making the deed made application for appointment and was by the probate court of Cochise county, appointed guardian of the persons and estate of the then minor defendants, and as such guardian he handled their estate until the fifth day of March, 1911, which was a considerable time after they became of age, and on that date in 1911 they assumed the possession and control of their property. That no accounting and final settlement of the guardianhsip estate has been

made by the plaintiff, but that such proceeding is now pending in the proper court seeking such settlement. These defendants also file a cross-action praying that their title be quieted as against the adverse claims of the plaintiff. The defendants Joe Kline and Annie Kline-Block had judgment establishing their title as against such adverse claims. The plaintiff made his motion for a new trial and in arrest of judgment, which motions were denied. From which orders and from the judgment he appeals.

Mr. Jno. F. Ross, Messrs. French & Stephenson, and Mr. Geo. H. Neale, for Appellant.

Messrs. Richardson & Doan and Mr. F. M. Doan, for Appellees.

CUNNINGHAM, J.—The court sustained objections to questions asked by plaintiff of defendant Joe Kline, plaintiff Wm. Kline, and witness William Rawlins, when testifying as witnesses and assigns error thereon. These questions sought to prove statements made in the presence or hearing of Joe Kline, which, on account of his silence, would estop him from asserting title to the property, and tending to prove that the plaintiff conducted the guardianship matters under duress and undue influence exerted over him and continued until the commencement of this action. From the view we have taken of the case, both contentions become immaterial, and these assignments need not be further discussed. *Leon* v. *Citizens' B. & L. Assn., ante,* p. 294, 127 Pac. 721.

The probate court proceedings were competent evidence bearing upon a ratification and confirmation of the deed and bearing upon the construction placed upon the transaction by the appellant, and as admissions made against interest.

The ruling of the court permitting the wife of appellant to testify against him without his consent is made a ground of complaint. Whether in this case the wife as a witness falls within any exceptions preserved by the statute we deem it unimportant to decide. If we concede that technical error was committed in permitting the wife to testify, we fail to discover wherein any injury resulted to the appellant therefrom. Her testimony was at most corroborative. The same result must have been necessarily reached if her testimony

had been excluded. The findings of fact attacked by appellant are sufficient in form when construed as a whole, and they are supported by sufficient evidence. The issue in the case is the validity of the deed, and the findings are ample upon this issue.

The appellant in his complaint alleges duress and undue influence in the execution of the deed, and an inadequate consideration therefor. These claims are amply sufficient when established by clear and convincing proof, to justify a cancellation of a deed so executed. The appellant as such plaintiff is not satisfied to rest his right to relief upon these grounds alone, and as an additional cause for relief alleges: "That said deed was, however, made and delivered with the express understanding and agreement of plaintiff with the defendants at the time of such execution that the same should not actually and in fact convey the title to said minors. . . . " Thus on the face of the complaint, necessarily admitting the free act and deed of appellant in making the deed, thereby neutralizing all allegations previously made in the same paragraph of the complaint, that the deed was made under duress and undue influence, and showing a condition of facts that at most could make the minor defendants the holders of the legal title, but such holders, as trustees for the plaintiff. The evidence fails to support such claim of the appellant. The cause was tried upon the questions arising upon the allegations of duress, undue influence, and inadequate consideration, which questions we will consider at some length.

Duress, to be available as a ground for setting aside a conveyance, must be of such a nature as to excite an apprehension or fear of great bodily harm or illegal punishment, and the violence or threats should be of such a degree as to cause a person of ordinary firmness and courage to yield. 1 Pomeroy's Equity Jurisprudence, 3d ed., sec. 71, p. 129. But, in order to avoid a deed on the grounds of duress *per minas* the threat should be such as to strike with fear a person of common firmness and constancy of mind. *Barrett* v. *French* 1 Conn. 354, 6 Am. Dec. 241.

The testimony of the appellant touching the threats that served to overpower his mind and strike with fear in brief are as follows: On the night before the deed was made, during one of the many family quarrels waged on appellant by the wife and children because he refused to make the conveyance

to the children and because the wife refused to sign a mortgage to secure the deferred payment of the purchase money due for the purchase of the property involved, and when the wife was refusing to sign the mortgage until he would consent to convey the property to the children, and was cursing him, calling him all the vile names known to the Jewish language, because he persisted in refusing to make the deed, and during the same time the children were begging and pleading with him to deed them the lots, and the fifteen year old son said, "I will make him do it," and threw a cup and struck the father, the father procured a revolver and threatened to kill himself with it.    When the wife and children consented to his rash act, or refused to be terrified by his threat of suicide, he relented, and left the home and sought refuge at the house of Lopozich, an old friend, where he remained that night. On the following morning some member of his family informed him that the wife and mother had relented and would sign the mortgage, and having talked with his friend about the matters the friend advised, "For God's safe, give in. You will be killed." Then follows this significant statement: "I went and told them to make out the deed. I says, 'I don't care what will become of me, just so that will give me peace.' And I made out the deed to the children before Mr. Ellis. I did not make the deed to the children until my wife had signed the mortgage, and did not make the deed to the children because she had signed the mortgage."

Mr. Ellis testifies that appellant gave full instructions for drawing the deed, and appellant with his wife, Ida Kline, came to witness' office together and signed the deed. At the time the deed was signed, witness observed nothing unusual about the appellant. We see no elements of duress here present.

Free agency must be destroyed in order to set the deed aside for undue influence. 1 Devlin on Deeds, 3d ed., 133, 134, and cited cases in note 3. Mere improper influences will not be sufficient where they do not amount to fraud. *Corbitt* v. *Smith,* 7 Iowa, 60, 71 Am. Dec. 431. And it must appear that the influence was exercised at the time the act was done. 13 Cyc. 586; *Mallow* v. *Walker,* 115 Iowa, 238, 91 Am. St. Rep. 158, 88 N. W. 452; *Curtis* v. *Kirkpatrick,* 9 Idaho, 629, 75 Pac. 760; *Riordan* v. *Murray,* 249 Ill. 517, 94 N. E. 947.

It is clear from appellant's testimony above stated that he made the deed because his friend, in whom he must have reposed confidence, so advised, or because his wife signed the mortgage, and not because his fifteen year old son had threatened him, nor because of the urgent requests of his wife and children, nor because of the family quarrels. After the deed and mortgage were signed, he admits he lived in peace at his house for a considerable time. His own threat of self-destruction because his wife would not sign the mortgage is no indication of anything other than his fear of the loss of the money paid on the lot and for the effect on her mind to coerce her to sign the mortgage. Her mental condition is not an issue in this case. Yet there is some testimony in the case tending to show that it was the wife whom he threatened to kill if she did not sign the mortgage. We have referred only to the evidence of the appellant upon the questions, facts, and circumstances surrounding the execution of the deed in question as the evidence most favoring the appellant's claims. About these points a bitter contest was waged.

The evidence is sharply conflicting upon every fact asserted by the appellant leading up to the execution and delivery of the deed. The trial court had the witnesses before it, and could observe their demeanor on the stand while testifying, and could the better judge of the truth of their testimony and the weight to be given the same, than this court is able. The trial court having found that the deed is a valid deed, we would not substitute our judgment under such a state of circumstances for the judgment of the trial court, if we could not fully agree with the result reached by that court, had we occupied the same relation to the cause. However, we fail to discover in the evidence a situation that would justify a holding that the deed was made under duress or under undue influence.

Want or inadequacy of consideration by itself is no ground for setting aside a deed. 13 Cyc. 593, and note 64. If the deed is a voluntary one without consideration, it can only be avoided by someone having equities against it. *Ryan* v. *Brown,* 18 Mich. 196, 100 Am. Dec. 154. And the appellant has not placed himself in the class of persons having equities against the deed.

A deed executed under duress is voidable merely, and not void. 1 Devlin on Deeds, 129, sec. 81, and note 8.

And deeds made under undue influences, like those obtained by duress, are voidable. 1 Devlin on Deeds, 132, sec. 84.

So, also, is a voluntary deed made without consideration, or for an inadequate consideration voidable, and not void.

" . . . Contracts which are merely voidable because contrary to good conscience or equity may be ratified, and thus established. If the party originally possessing the remedial right has obtained full knowledge of all the material facts involved in the transaction, has become fully aware of its imperfection and of his own rights to impeach it, or ought, and might, with reasonable diligence, have become so aware, and all undue influence is wholly removed so that he can give a perfectly free consent, and he acts deliberately, and with the intention of ratifying the voidable transaction, then his confirmation is binding, and his remedial right, defensive or affirmative, is destroyed." 2 Pomeroy's Equity Jurisprudence, 3d ed., p. 1783, sec. 964, and notes 2 and 3 cases. See *Crooks* v. *Nippolt*, 44 Minn. 239, 46 N. W. 394; *Kerby* v. *Kerby*, 57 Md. 345.

Bearing upon the questions of ratification, we find in the record that on June 16, 1903, appellant was appointed guardian of the persons and estate of Joe and Annie Kline, minors. During August of the same year, he, as guardian, made application to the probate court under oath for an order to mortgage this very property, alleging that the entire estate of said minors consisted of such property—the exact property described in the deed attacked. The application was granted on September 15, 1903, and on December 1, 1905, "by virtue of the authority granted him by an order of the probate court dated September 15, 1903," in consideration of $5,000, he mortgaged the property to the Bank of Douglas. The attestation clause and signature are as follows: "In witness whereof, the said William Kline has executed these presents as guardian of the estate of Joe Kline and Annie Kline, minors, this first day of December, A. D. 1905. W. Kline [Seal.], Guardian of the Estate of Joe and Annie Kline, Minors." On the same date he acknowledged the mortgage in the same representative capacity. The note which is secured by the mortgage is signed in the same capacity.

Appellant made his annual account and report of his administration of the estate, describing the property involved,

which account was allowed and approved by the probate court March 7, 1905. A great many acts were performed by the appellant as guardian of said estate in connection with the management of the property, and when necessary applications for authority to perform such acts were sworn to or acknowledged by appellant as guardian. This condition existed until the minors arrived at mature age. No final settlement of the estate has been made. Appellees assumed control of the property March 5, 1911, and on March 18, 1911, appellant prepared his complaint in this action and filed it about that date. On March 30, 1911, defendants made application to the proper court for an order compelling their guardian to render a final account. It is significant that no act of appellant repudiating his deed appears until possession and control of the guardianship property passed from him. A contention is made that duress and undue influence operating upon him at the time he signed the deed, and causing him to sign the deed, continued up to the commencement of this action, and we are asked to presume its continuation all through such period. Counsel and client fail to explain why the disability would be removed when the beneficiaries assumed actual control of their property. We would be exercising a violent presumption to so hold. To hold that the superior minds of the wife and minor children could hold in subjugation their father's mind for nine years, causing him in their absence to falsely swear to important solemn statements, and falsely and solemnly affirm as true his deeds and instruments concerning this one piece of property, in the face of positive testimony to the effect that he was and is a "good, sharp, shrewd, business man," would, indeed, be a violent presumption. We prefer to hold in equity and good conscience that appellant changed his mind when he was confronted with a settlement of the guardianship estate, and thus harmonize all his previous transactions. His dealings with the property, as guardian, in any view of the evidence, must be considered a confirmation of the conveyance, and his ratification of the deed. The judgment of the trial court dismissing the complaint and adjudging the title to the lots in the defendants Joe Kline and Annie Kline-Block was right.

The question of a guardianship accounting for the receipts from the property and the outlays and expenditures of the

guardian is not on this record before this court for determination, and was not in this action proper to be determined by the lower court, and we reserve on this appeal all matters affecting said accounting for the superior court sitting as a court of probate to proceed and determine the same when presented to it as law and justice may require. And, of course, if upon the settlement of the guardianship accounts any party in interest may feel aggrieved by any order or judgment of the court in the premises, the matter can then be reviewed by this court on appeal in a proper proceeding therefor.

The judgment is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

---

NOTE.—As to when a deed is void for fraud, see note in 93 Am. Dec. 596.

As to what is duress, see note in 26 Am. Dec. 583.

As to what are voluntary deeds, and the effect of them, see note in 14 Am. St. Rep. 739.

As to presumption of undue influence, see note in 21 Am. St. Rep. 94.

As to same in connection with deeds, see note in 1 Am. St. Rep. 88.