[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 250 
George H. McDonnell died on April 5, 1944, intestate and without issue. His estate consisted of a small amount of cash, a few war bonds, an automobile and an undivided one-fourth interest in certain real property in Prescott, Arizona. He had acquired this realty under the will of his deceased wife who, in turn, acquired it from her former husband Daniel Condron. And he, McDonnell, had held this property as a tenant in common with the three appellants, his stepchildren. The deceased also had owned a one-fourth interest in a fund in the Yavapai County Savings Bank derived from the rents and profits accruing from the above mentioned real estate.
Just prior to his death McDonnell was employed by the Arizona State Highway Department and was stationed in Ash Fork. When he became ill he was taken to the hospital at Jerome where his sister, Mary McDonnell (the appellee) and his stepdaughter, Monica Williams (one of the appellants) came to visit him. The latter was there present at the time of his death and by telephone she promptly notified appellee of that fact. In that telephone conversation it was agreed that the stepdaughter, Monica, should take charge of the funeral arrangements and the deceased's personal effects at Ash Fork. When the appellee came to Prescott to attend her brother's funeral she met the appellant at the Head Hotel where the latter told her that the deceased's sole estate consisted of a few hundred dollars in the bank, a few hundred dollars in war bonds and an automobile, making no mention of any real estate. At this meeting Monica asked Mary McDonnell to release these *Page 251 
funds and the automobile in order that the funeral expenses might be paid. Appellee was there asked to sign an instrument previously prepared by Monica's attorney purportedly to effect this result. Relying upon Monica's representations as to the purpose of the instrument, appellee walked across the street with her to the office of a notary public where she signed and acknowledged the document without reading it or having it read to her, although she had every opportunity so to do.
More than one year after probate proceedings were begun, Monica and her brothers filed a petition to determine heirship under section 38-1518 et seq., A.C.A. 1939. Whereupon the appellee, joining with two groups of nieces and nephews (sons and daughters of a deceased brother and sister of George H. McDonnell), filed a complaint in the estate matter setting forth their relationship to the deceased as a basis for their claims of heirship. The appellants (the three step-children) answered by setting up the quitclaim deed and assignment of Mary McDonnell's distributive share to them. Mary McDonnell by her reply admitted the execution and delivery of the document but alleged that it was procured without consideration and through fraud.
The issues thus framed were tried before the court without a jury, the heirship of all the blood relative claimants was established and the quitclaim deed and assignment was cancelled. The trial court made no written findings of fact or of law as none were requested. From that part of the judgment establishing Mary McDonnell as an heir entitled to one third of decedent's estate, and cancelling the instrument in question this appeal was taken. The sole assignment of error is that the portion of the judgment cancelling the instrument is supported neither by the law nor by the evidence.
Only the two women took the witness stand and upon several points their testimony is in sharp conflict. The facts here recited have been selected and viewed as they must be, in the light most favorable to the appellee sister as the trial court is the best judge of credibility, and, in the absence of legal error, a judgment based upon conflicting evidence should not be disturbed. Hein v. Nutt, 66 Ariz. ___, 184 P.2d 656, and cases cited therein.
The first ground of attack on the instrument in question is that it was executed without consideration. Admittedly no monetary consideration passed between the parties. It was either a deed of gift or it was nothing. Being a validly drawn and acknowledged deed and being duly delivered, we hold that want of consideration by itself is not enough to make it inoperative. Kline v. Kline, 14 Ariz. 369, 128 P. 805; 16 Am.Jur. 472-477; 2 Tiffany Real Property, 2d Ed., section 438. The rule in such cases is clearly stated in 16 Am.Jur at pages 472, 473 as follows: "It is fundamental *Page 252 
that an executory contract is unenforceable unless supported by a consideration. A deed, however, is an executed contract, and as between the parties, their heirs, or those who represent their rights only, a deed which operates without aid from the statute of uses need not be based on any consideration whatsoever in order that it may be effectual to transfer title to the property."
There is no question as to the fact that a proper deed of gift is valid in Arizona. Collins v. Streitz, 9 Cir., 95 F.2d 430. And it is fundamental that immediately upon death title to real property vests in the heirs who may then convey their interests subject, of course, to the ordinary processes of administration and the rights of creditors. Home Ins. Co. of New York v. Latimer, 33 Ariz. 288, 264 P. 103; Maconchy v. Delehanty,11 Ariz. 366, 95 P. 109, 17 L.R.A., N.S., 173, 21 Ann.Cas. 1038; Stephens v. Comstock-Dexter Mines, 54 Ariz. 519, 97 P.2d 202.
There is nothing in the complaint to support the appellee's arguments upon the grounds of mistake as it is alleged that "Monica * * * procured the signature of Mary McDonnell * * * by and through * * * fraudulent statements and representations".
As to the claim of fraud which is the only other ground which can be relied upon for avoiding the deed, the appellant first claims that fraud is not here sufficiently plead. This is clearly not the case, as the facts of the entire transaction have been set out and in addition labelled as fraudulent, and this is sufficient and proper to satisfy the requirements of pleading as set down in sections 21-404, 21-408, 21-409, A.C.A. 1939. City of Phoenix v. Mullen, 65 Ariz. 83, 174 P.2d 422; 1 Moore's Federal Practice, section 8.07.
Fraud is generally classified under two major headings, actual and constructive. The former is distinguished by the presence of an actual intent to deceive, while the latter is characterized by a breach of duty actionable at law irrespective of moral guilt, and arising out of a fiduciary or confidential relationship. 37 C.J.S., Fraud, § 2, at pages 208-215.
It is true that a greater degree of proof of fraud is required between parties dealing at arm's length than if a confidential or fiduciary relationship exists. Waddell v. White, 56 Ariz. 420,108 P.2d 565, rehearing denied 56 Ariz. 525, 109 P.2d 843; 37 C.J.S., Fraud, § 2, page 213. But neither the fact of tenancy in common as to the ownership of real estate between the parties nor any other circumstance or situation here present supports the view that in fact a fiduciary or confidential relationship did exist. 62 C.J. 419, section 23.
"* * * to establish a fiduciary relationship, on a violation of which fraud is sought to be based, there must be something approximating business agency, professional relationship, or family tie impelling *Page 253 
or inducing the trusting party to relax the care and vigilance he would ordinarily exercise.
* * * * * *
"* * * a confidential relation * * * is a relation of parties in which one is bound to act for the benefit of the other and can take no advantage to himself from his acts relating to the interest of the other * * * it is denied that * * * mere confidence or implicit faith in another's honesty and integrity is sufficient to constitute a fiduciary or confidential relationship. So too, mere friendly relations are insufficient for this purpose." 37 C.J.S. Fraud, § 2(2), at pages 213-214.
Fraud may never be established by doubtful, vague, speculative, or inconclusive evidence, and always the proof must be sufficient to overcome the initial presumption in favor of honesty. 24 Am.Jur. 118-123; 37 C.J.S., Fraud, § 114, at pages 426-432. Each and all of the required elements of fraud must be proved. 37 C.J.S. Fraud, § 114, at pages 432-435.
With reference to the proof of fraud in this case there is sufficient clear and convincing testimony, evidently believed by the trial court to sustain eight of the nine essential elements required to make out a case of actionable fraud as adopted by this court in the case of Moore v. Meyers, 31 Ariz. 347,253 P. 626: e.g., Monica made (1) a representation to the appellee that the decedent's estate consisted solely of certain personal property, to wit, cash, bonds, and an automobile; (2) this statement was false because McDonnell at the time of his death owned an undivided interest in certain real estate; (3) this representation was highly material; (4) Monica knew of its falsity; (5) she had the intent that it should be acted upon by the sister (appellee) in the manner reasonably contemplated; (6) the appellee was ignorant of the property holdings of her brother and hence of the falsity of Monica's representations thereof; (7) she did rely on the truth of these statements; (9) she was injured thereby. The crucial question is whether the appellee had (8) the right to rely upon the above representations made to her by Monica.
The facts of this case demonstrate conclusively that the appellee was guilty of gross negligence in not reading this instrument before she signed it. She is an educated and intelligent person, a schoolteacher, in full possession of her faculties and in no wise in a position of mental duress or inferiority to the appellant. The instrument itself is short, and the most cursory examination of it reveals that a real estate deed is therein included. There is neither allegation nor proof of any attempt on the part of the appellant to prevent the appellee from reading the document. It is true that the signing occurred at a time of grief, but that she was grossly negligent in not reading what she signed cannot be denied. *Page 254 
Because of the inexcusable gross negligence upon the part of the appellee, as opposed to the less conclusive proof of appellant's fraud, the initial presumption of honesty in favor of the appellant and the somewhat more stringent requirements imposed upon a litigant to prove fraud than is imposed for proving other facts in a civil case in this jurisdiction, we are bound by the doctrine laid down in several Arizona cases to find that the appellee had no right to rely upon appellant's representations. Mutual Benefit Health Accident Ass'n v. Ferrell, 42 Ariz. 477, 27 P.2d 519; Bradley v. Industrial Commission, 51 Ariz. 291, 76 P.2d 745; Sovereign Camp W.O.W. v. Daniel, 48 Ariz. 479, 62 P.2d 1144; Betancourt v. Logia Suprema etc., 53 Ariz. 151, 86 P.2d 1026, modified on appeal, 53 Ariz. 263,88 P.2d 83.
Because under the facts in the instant case, the negligence so outweighs the fraud, the court is not faced with a re-examination of the full extent and effect of the doctrine apparently laid down in the above cited cases to wit: That where there is a clear showing of fraud on the one hand, and gross negligence upon the other and the rights of third parties are not involved, the negligence and not the fraud will be punished. On this question the requirement of stability and certainty in commercial life as opposed to the natural desire to punish the more wrong or more guilty of two litigants has split the courts and legal authors throughout the country almost in half. See Standard Mfg. Co. v. Slot, 121 Wis. 14, 98 N.W. 923, 105 Am. St.Rep. 1016; Bixler v. Wright, 116 Me. 133, 100 A. 467, L.R.A. 1917 F, 633; Thomas v. American Workmen, 197 S.C. 178, 14 S.E.2d 886, 136 A.L.R. 1; 23 Am.Jur. 983-985, Fraud sec. 171; IX Wigmore On Evidence, 3d Ed., sec. 2416; 1 Page On Contracts, sec. 233; 3 Scott On Trusts, sec. 468; 2 Tiffany On Real Property, 2d Ed., sec. 439; 7 Thompson On Real Property (Perm. Ed.) sec. 3871; 6 R.C.L. 632-635; 8 Wisc.L.R. 91; 34 Mich.L.R. 705.
We recognize the fact that to set aside the holding of the trial court it is not enough to find that we differ with it as to the weight of the evidence presented. But here we believe that a clear mistake has been made in that there was no showing that the appellee had any right to rely upon the plaintiff's representation, the right to rely being a necessary element of actionable fraud.
That portion of the decree of the Superior Court of Yavapai County dated December 13, 1945 herein appealed from, which cancelled the deed and assignment is reversed.
STANFORD, C.J., and LaPRADE, J., concurring. *Page 255