464 P.2d 676

**Max X. KLINGER and Joan M. Klinger, husband and wife, Appellants,**

**v.**

**Don HUMMEL and Eugenia Hummel, husband and wife, Appellees.**

**No. 2 CA–CIV 739.**

Court of Appeals of Arizona.

Division 2.

Feb. 4, 1970.

Rehearing Denied March 6, 1970.

Review Denied March 24, 1970.

Johnson, Darrow, Hayes & Morales, by J. Mercer Johnson, Tucson, for appellants.

Strickland, Altaffer, Davis & Eppstein, by Thomas J. Davis, Tucson, for appellees.

HATHAWAY, Judge.

The Klingers brought a third party complaint against the Hummels to recover damages for alleged fraud in a real estate transaction. They have appealed from a judgment against them after trial to the court. Mr. and Mrs. Klinger purchased Lot 206, Catalina Foothills Estates #2 from the appellees, Mr. and Mrs. Hummel, in 1955. The Klingers lived on the property until some time in 1964 when they sold the land to the Weyenbergs.

In 1967 the Weyenbergs had a survey made of the land which revealed that the property contained only 5.33 acres instead of the 11.61 acres shown by the County Assessor's records. Subsequently, Weyenberg brought suit against the Klingers who in turn sued the Hummels. Prior to the trial the Klingers and Weyenbergs settled. The Klingers continued their lawsuit against the Hummels for the value of the missing 6.28 acres plus a portion of the settlement paid to Mr. Weyenberg.

The Klingers contend that the judgment is contrary to the weight of the evidence because Mr. Hummel did not deny knowledge of the false representation. They contend that all of the reasonable evidence supports the conclusion that he knew the representation of acreage was false, or, at least, knew that it was probably not true. Their contention of fraud is based on three grounds: A written misrepresentation, an oral misrepresentation, and constructive fraud.

The trial court concluded in its findings of fact that the Hummels did not intend for the Klingers to rely and act upon the representation concerning the number of acres contained in the parcel; that the Hummels did not know that the representation was false, and, in fact, believed it to be true; and that the Hummels did not intend to deceive or mislead the Klingers.

We must view the evidence in a light most favorable to affirming the judgment, and where findings of fact are made as they were here, we will not reverse unless such findings are clearly erroneous. Rule 52, 16 A.R.S.R.C.P. All nine elements must be proven to establish fraud. Union Bank v. Safanie, 5 Ariz.App. 342, 427 P.2d 146 (1967); In re McDonnell's Estate, 65 Ariz. 248, 179 P.2d 238 (1947). The trial court's findings that three of the necessary elements were not proven requires us to examine the record to determine if such findings were clearly erroneous.

We will first consider the finding of fact that the Hummels did not have knowledge of the representation's falsity and, in fact, believed that representation to be true. The dispute seems to center on the agreement entered into by the parties. That

agreement described the property in question in the following manner:

"* * * the remainder of said lot 206 as above described contains 11.61 acres more or less according to the records of the County Assessor of said county."

Originally Lot 206 purportedly contained 13.92 acres. Prior to the sale between the Klingers and Hummel, part of Lot 206 consisting of about 2.44 acres was sold to another party, leaving according to the County Assessor's office 11.61 acres. It is upon this record that both parties apparently relied in their transaction.

Appellants rely on Union Bank v. Safanie, supra, which held that the "intent to deceive" may be inferred if the representation was intended to influence the hearer. However, knowledge of a misrepresentation's falsity or ignorance of its truth, may not be inferred when the representation was not recklessly made, 37 C.J.S. Fraud § 21b, or without reasonable grounds to believe it was true. While some cases hold that if a misrepresentation was found to be made with the intent to deceive, or to cause reliance thereon, the law will impute a fraudulent purpose to the speaker, Clarke Auto Co., Inc. v. Reynolds, 119 Ind.App. 586, 88 N.E.2d 775 (1949) and cases collected in 37 C.J.S. Fraud § 20, the trial court expressly found that Mr. Hummel did not intend to deceive nor intend reliance upon the representation. The Klingers wish us to impute knowledge of the falsity to Mr. Hummel and to further conclude that since he had knowledge his intent to deceive is also imputed. We cannot accept this circuitous reasoning. Fraud may not be presumed, but must be proven by clear and convincing evidence. We do not believe that the trial court's findings are clearly erroneous.

The appellants state on page 5 of their reply brief that since "* * * the *plat* was and the *agreement* was false * * * it *necessarily follows* that Mr. Hummel either knew these documents were false or he was ignorant of the truth." However, in a case alleging fraud, the plaintiffs have the duty of proving the fraud by clear and convincing evidence; and the speaker's knowledge of the falsity of the representation must be shown as of the time the representation was made, and not as of some subsequent point in time.[1] It appears that all parties relied extensively on the official public records originally filed in the County Recorder's office and in the County Assessor's office. The property conveyed was unimproved foothill acreage, very irregular in shape, on the backside and north side on top of a hill and going down to level ground. It was 20 years from the date the original plat was filed until anyone discovered the error in the amount of acreage.

In Carrel v. Lux, 101 Ariz. 430, 420 P.2d 564 (1966) the Arizona Supreme Court stated that a shortage in acreage of approximately one-third was so great of a deficiency as to raise a presumption of fraud. However, the court in that case was concerned with the *materiality* of the misrepresentation, and it was not contested, as it is here, that the speaker did not have knowledge that the representation was false. Further, it has been a settled rule in Arizona that fraud must be established by clear and convincing evidence. Sult v. Bolenbach, 84 Ariz. 351, 327 P.2d 1023 (1958), and cases cited therein. In cases other than Carrel v. Lux, Arizona courts have held that fraud is never to be presumed, nor can it be found to exist on a mere suspicion as to the possibilities thereof. *Ruby v. United Sugar Companies,*

---

1. The testimony of Mr. Hummel revealed that he did not know the County Assessor's record was in error until 1967, twelve years after the Klingers purchased the property.

"Q. When did you first become aware of any question concerning the amount of acreage in this lot?

A. I don't know whether it was the filing of the suit or whether something preceded that but it was about the time of the filing of the suit.

Q. It was in 1967?

A. 1967, yes." (Pages 71–72 Transcript)

S.A., 56 Ariz. 535, 109 P.2d 845 (1941); Sunseri v. Katz, 53 Ariz. 234, 87 P.2d 797 (1939). There being no showing in this case that the representation was recklessly made or made without reasonable grounds to believe it was true; and it appearing from the evidence that the parties justifiably relied on official public records, it is not for us to impute knowledge of its falsity or ignorance of its truth to Mr. Hummel.

▇ The appellants made much of the fact that Mr. Hummel never denied knowledge of the acreage shortage, and we suppose that from this they wish us to infer he had knowledge. However, the burden was on the appellant in this case to prove fraud by clear and convincing proof and we hold that this burden has not been met. Our Supreme Court observed in In re McDonnell's Estate, supra:

"Fraud may never be established by doubtful, vague, speculative, or inconclusive evidence, and always the proof must be sufficient to overcome the initial presumption in favor of honesty." 65 Ariz. at 253, 179 P.2d at 241.

The appellant further says that Mr. Hummel was bound by a statement as to acreage made by Mr. Smith, Mr. Hummel's agent. We do not find evidence in the record, however, which would support the Klinger's allegation that Mr. Smith represented the amount of acreage this property contained, nor is reference to such evidence given us. Thus we do not consider this contention.

▇ The appellants further contend that the facts in this case show a constructive fraud. While constructive fraud may be imposed where a "careless omission of a material fact" occurs, 37 C.J.S. Fraud § 23, there is no showing that this occurred here. Even if Mr. Hummel stood in a fiduciary relationship, it appears that he justifiably relied on official records which appeared accurate insofar as any of the parties were concerned. We do not believe a negligent misrepresentation was made even under a constructive fraud theory. Rice v. Tissaw, 57 Ariz. 230, 112 P.2d 866 (1941).

▇ Additionally, no special relationship existed between the parties, out of which a constructive fraud could have arisen. It is true that the parties had known each other for a long time and were friends. It is also true Mr. Hummel was experienced in real estate transactions while the Klingers were not. But all indications from the record show that this was an apparently "arms-length" transaction.

In speaking of confidential relationships, 37 Am.Jur.2d, Fraud and Deceit § 16, states on page 41:

"It has been held, however, not to apply to relations of mere friendship, * * *.

\* \* \* \* \* \*

Confidence alone is not enough to establish a fiduciary relationship."

And see: In re McDonnell's Estate, supra, and 37 C.J.S. Fraud § 2 (2) at pages 213–214. Due to the absence of the requisite elements of constructive fraud, we do not consider whether constructive fraud is applicable to a suit for damages.

There is nothing in the record to indicate a business agency, professional relationship, or family ties which normally bring about a confidential relationship. On this basis as well as the other, appellants' contention fails.

Finding no error was committed, we affirm.

HOWARD, C. J., and BEN C. BIRDSALL, Spperior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge BEN C. BIRDSALL was called to sit in his stead and participate in the determination of this decision.