672 P.2d 492
**Lynn A. RUBENSTEIN,
Petitioner/Appellee,**

v.

**Amit SELA, Respondent/Appellant.**

**No. 2 CA–CIV 4605.**

Court of Appeals of Arizona,
Division 2.

April 15, 1983.

Rehearing Denied June 1, 1983.

Barton & Duncan, P.C. by Michael Barton, Tucson, for petitioner/appellee.

Curtis & Cunningham by George Haskel Curtis, Tucson, for respondent/appellant.

## OPINION

HOWARD, Chief Judge.

This is an appeal from a dissolution of marriage. The wife, Lynn Rubenstein, is a United States citizen and the husband, Amit Sela, is an Israeli. They met in Israel when Lynn was in that country as a student. Amit accompanied Lynn when she returned to the United States and they were married in Minneapolis in December 1978.

The parties bought a house in Tucson in August 1979, taking title as joint tenants. In August 1980 they contacted an attorney, Harold Metcalf, to prepare papers for Lynn to transfer to Amit all her interest in their house and an extensive list of personal property. Lynn testified that this decision was prompted by marital difficulties. Amit had told her he would feel more secure if he had control of the property. She also testified that he had said he would leave her if she did not give him the property.

Mr. Metcalf agreed to represent Lynn, and suggested that Amit obtain a separate attorney. He testified at the hearing below that his first concern was to ascertain that Lynn was not being coerced. After determining to his own satisfaction that she understood the nature and consequences of her decision and was not under duress, his next concern was to accomplish what she had requested. Because he thought the transfer might not be valid for want of consideration, he suggested that the parties execute mutual wills.

On September 12, 1980, Amit and Lynn each executed a will naming the other as sole beneficiary. Amit's will provided that he would not amend or revoke it. They also executed an agreement in which Lynn agreed to convey to Amit all her right, title and interest in their house and in certain personal property, the list of which was attached to the agreement. The agreement also provided that Amit agreed not to revoke his will leaving the conveyed property to Lynn. In addition, Lynn signed a quitclaim deed for their house.

On May 15, 1981, Lynn filed a petition for dissolution of the marriage. After a hearing, the court commissioner ruled that the agreement and the quitclaim deed were null and void because the consideration was illusory. He ordered that the house be sold and the proceeds divided between the parties and granted Lynn a $20,808 lien on Amit's interest in the house, to compensate her for the unequal division of personal property.

The court below erred in declaring the agreement and the quitclaim deed null and void. While lack of consideration is a valid defense in an action to enforce a contract, the courts will not undo a contract that has already been performed. As the court stated in *Charles F. Curry and Co. v. Hedrick,* 378 S.W.2d 522 (Mo.1964):

> " 'If one makes an executory contract which lacks a consideration, he may avoid it when called upon for performance. But if he chooses to execute the contract by performance, there is nothing to hinder his doing so, and he cannot turn around and seek to undo his voluntary act.' " 378 S.W.2d at 533, quoting *Sooy v. Winter,* 188 Mo.App. 150, 175 S.W. 132, 134 (1915).

See also, *Oehler v. Hoffman,* 253 Iowa 631, 113 N.W.2d 254 (1962); *Dale System, Inc. v.*

*American Fixture, Inc.,* 40 Misc.2d 844, 243 N.Y.S.2d 753 (Civ.Ct.N.Y.1963).

This rule has been applied in Arizona to deeds. *In re McDonnell's Estate,* 65 Ariz. 248, 179 P.2d 238 (1947) provides: "Being a validly drawn and acknowledged deed and being duly delivered, we hold that want of consideration by itself is not enough to make it inoperative." 65 Ariz. at 251, 179 P.2d 238.

Lynn testified that she did not intend to give the property to Amit permanently, but had expected him to return her share after he felt more secure. While the recitals in a deed do not preclude a court from looking behind the deed to determine true ownership, *Bourne v. Lord,* 19 Ariz. App. 228, 506 P.2d 268 (1973), here, Lynn not only signed the deed, but also signed the agreement clearly stating her intent to transfer her interest in the property to Amit. Any parol evidence that she did not in fact intend such a transfer is inadmissible to contradict the unambiguous language of the agreement. *Pinnacle Peak Developers v. TRW Investment Corp.,* 129 Ariz. 385, 631 P.2d 540 (App.1980).

Lynn also contends that the agreement was void because of duress. The portions of her testimony she cites to support this argument all concern her fear, and Amit's threat, that he would leave her if she did not give him the property. This is not the sort of conduct that constitutes duress so as to render a contract void.

In *Dunbar v. Dunbar,* 102 Ariz. 352, 429 P.2d 949 (1967), the court upheld a reconciliation agreement between a husband and wife wherein all the property of the parties was agreed to be community property and the parties agreed to resume marital relations. The court stated:

> "The test of what act or threat constitutes duress is determined by considering whether the threat placed the party entering into the transaction in such fear as to preclude the exercise by him of free will and judgment.... By definition, an act or threat to constitute duress must be

'wrongful'." 102 Ariz. at 355–356, 429 P.2d 949.

The court found that the only basis for the husband's claim of duress was that he did not want a broken home. Since the wife had a right to leave the marriage, there were no wrongful threats or actions.

The facts here are nearly identical. Amit was not acting wrongfully in threatening to leave the marriage. If Lynn felt compelled to accede to his wishes, it shows she had a motive to execute the agreement and deed willingly. While the result in this case is harsh, the courts cannot protect a party from the consequences of his own voluntary and informed actions.

Amit raises other issues in his appeal: That the court erred in valuing the personal property awarded to each party; that he was not credited with payments made on behalf of the community; and that the decree failed to equitably divide the parties' continuing debts. In light of our decision on the first issue, the remaining issues are now moot.

It is necessary to remand this case for a determination of the parties' rights under the agreement. We note that Lynn may be entitled to reimbursement for payments made out of the community property or her separate property for the benefit of Amit's separate property. *Tester v. Tester,* 123 Ariz. 41, 597 P.2d 194 (App.1979).

Reversed and remanded.

HATHAWAY and BIRDSALL, JJ., concur.