NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN H. RINDLISBACHER, husband; et al.,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>STEINWAY, INC., DBA Steinway & Sons, a Delaware corporation,<br><br>Defendant-Appellee. | Nos. 20-17331<br> 21-16085<br><br>D.C. No. 2:18-cv-01131-MTL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted December 8, 2021
San Francisco, California

Before: WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Kevin and Jami Rindlisbacher and Piano Showroom of Arizona, Inc.
(collectively, "Rindlisbacher") appeal the district court's grant of summary
judgment to Steinway, Inc. ("Steinway") on Rindlisbacher's claim for constructive
fraud. Rindlisbacher also appeals the district court's award of attorneys' fees to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Steinway. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the grant of summary judgment de novo, *see KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 713 (9th Cir. 2020), and the attorneys' fees award for an abuse of discretion, *Johnson v. MGM Holdings, Inc.*, 943 F.3d 1239, 1241 (9th Cir. 2019), we affirm.

1.      The district court correctly concluded that Rindlisbacher's fraud claim is untimely under Arizona's applicable three-year statute of limitations. *See* A.R.S. § 12-543. The statute of limitations begins to run when the plaintiff discovers facts constituting fraud, or when he "by reasonable diligence could have learned of the fraud, whether or not he actually learned of it." *Coronado Dev. Corp. v. Superior Ct.*, 678 P.2d 535, 537 (Ariz. Ct. App. 1984); *see also Walk v. Ring*, 44 P.3d 990, 996 (Ariz. 2002) ("[T]he core question is whether a reasonable person would have been on notice to investigate.").

Here, by April 12, 2015, three years before filing suit, Rindlisbacher was on notice to investigate the Phoenix piano market and thus Steinway's representations that the market had a sales potential of forty-five Steinway pianos per year. On January 30, 2014, Rindlisbacher sent an email to Steinway predicting only twenty-six piano sales that year and noting that "this market hasn't sold this number of Steinway & Son's units in a very long time—at least 8 years." In 2011, Rindlisbacher was also quoted in two newspaper articles acknowledging the difficult economic climate for piano sales. In addition, his actual sales from 2011 onward

2

fell far below forty-five pianos a year. Given this, and given Rindlisbacher's nearly four decades of experience in the piano market, his assertion that he lacked both actual knowledge that Steinway's sales goal was unreachable, and notice to investigate the matter, finds no support in the record. Thus, Rindlisbacher's constructive fraud claim is time-barred.

2. Regardless, Rindlisbacher's claim would still fail because he did not have a "fiduciary or confidential relationship" with Steinway, as is required for a constructive fraud claim under Arizona law. *Green v. Lisa Frank, Inc.*, 211 P.3d 16, 34 (Ariz. Ct. App. 2009). The contract between the parties provided that "[t]his Agreement does not create an employer-employee relationship, an agency or joint venture between Steinway and Dealer. . . . Dealer shall be an independent contractor only." When the parties have "expressly characterized their legal relationship, such characterization will be persuasive" in determining their mutual obligations. *Urias v. PCS Health Sys., Inc.*, 118 P.3d 29, 35 (Ariz. Ct. App. 2005).

To overcome this contractual provision, Rindlisbacher points to what he claims is Steinway's greater bargaining power and its superior access to internal sales data. But this is insufficient to establish a confidential relationship for purposes of constructive fraud. *See, e.g.*, *Klinger v. Hummel*, 464 P.2d 676, 679 (Ariz. Ct. App. 1970) (finding no confidential relationship in an arms-length real estate transaction even though "Mr. Hummel was experienced in real estate transactions

3

while the Klingers were not"). Steinway's promotional materials emphasizing the "Steinway family" and its "partnership" with dealers do not create a confidential or fiduciary relationship either. *See Rhoads v. Harvey Publications, Inc.*, 700 P.2d 840, 844 (Ariz. Ct. App. 1984) ("Rhoads was told he was a 'staff member' and a 'trusted and valued member of the Harvey family.' Those words are not actionable."). Thus, Rindlisbacher has not created a genuine dispute of material fact on his constructive fraud claim, even if it were timely.[1]

3. The district court did not abuse its discretion in awarding $829,330 in attorneys' fees to Steinway as the prevailing party. Attorneys' fees were available under Arizona's fee-shifting statute, which provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). "The meaning of 'arises out of contract' is broad for the purposes of this statute." *ML Servicing Co. v. Coles*, 334 P.3d 745, 753 (Ariz. Ct. App. 2014). "The test to determine if an action arises out of contract is whether the plaintiff would have a claim even in the absence of a contract." *Id.* (citation and quotation omitted); *see, e.g.*, *Marcus v. Fox*, 723 P.2d

---

[1] In light of this conclusion, we need not address whether Rindlisbacher advanced a cognizable theory of damages. In addition, while Rindlisbacher challenges the district court's determination that it would not consider new factual allegations that Rindlisbacher first raised at the summary judgment stage, the district court explained why those facts would not change the outcome even if they were considered, and Rindlisbacher provides no reason to question that conclusion.

4

682, 684–85 (Ariz. 1986) (holding that attorneys' fees were available for the tort of fraudulent inducement). Here, Rindlisbacher's claim arises out of a contract within the meaning of A.R.S. § 12-341.01(A) because the fraud claim would not exist but for the contractual relationship with Steinway. *See id.* To that point, Rindlisbacher in his briefing repeatedly describes his claim as "arising out of the Agreement."[2]

The district court correctly rejected Rindlisbacher's argument that New York law should apply to the attorneys' fees question, based on the choice-of-law provision in the parties' agreement specifying that "[t]his Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles." We apply Arizona law to determine the scope of this provision. *See, e.g.*, *Winsor v. Glasswerks PHX, L.L.C.*, 63 P.3d 1040, 1044 (Ariz. Ct. App. 2003). And Arizona courts have determined that "[c]laims arising in tort are not ordinarily controlled by a contractual choice of law provision," unless "resolution of the claims relates to interpretation of the contract . . . [and] the tort claims could not be adjudicated without analyzing whether the parties were in compliance with the contract." *Id*. at 1043–44 (citation and quotation omitted); *see also Sutter Home Winery, Inc. v. Vintage Selections, Ltd*., 971 F.2d 401, 407 (9th Cir. 1992) (applying Arizona law to tort claims for unfair

---

[2] Rindlisbacher's argument that A.R.S. § 12-341.01 only applies to contracts governed by Arizona law lacks merit. Nothing in the statute imposes that limitation.

5

competition, despite a California choice-of-law provision); *Consol. Data Terminals v. Applied Digital Data Sys.*, 708 F.2d 385, 390 n.3 (9th Cir. 1983) ("[T]ort law and the law of punitive damages are not controlled by the contract choice of law provision.") (punctuation omitted).

Here, Rindlisbacher's fraud claim does not "relate[] to [the] interpretation" of the parties' contract in any relevant sense. *Winsor*, 63 P.3d at 1044. Unlike the broad "arising out of" language in A.R.S. § 12-341.01(A), the parties' narrowly drawn New York choice-of-law provision does not extend to Rindlisbacher's instant tort suit. The district court therefore did not err in applying Arizona law to the issue of attorneys' fees, and Rindlisbacher raises no other challenges to the fee award.

**AFFIRMED.**