NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

R. L. WHITMER, et al., *Plaintiffs/Appellants*,

*v.*

HILTON CASITAS COUNCEL OF HOMEOWNERS, *Defendant/Appellee*.

*and*,

PROCACCIANTI AZ II, LP, *Intervenor/Defendant/Appellee*.

No. 1 CA-CV 24-0095, 1 CA-CV 24-0108,
1 CA-CV 24-0110, 1 CA-CV 24-0114 (Consolidated)

FILED 02-27-2025

Appeal from the Superior Court in Maricopa County
No.  CV2015-053091, CV2016-050379, CV2012-051066, CV2014-054346
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

COUNSEL

Meyer & Partners, PLLC, Phoenix
By Ross P. Meyer
*Counsel for Plaintiffs/Appellants Witmer et al.*

Zadok Eli and Hana Eli, Scottsdale
*Plaintiffs/Appellants*

Spencer Fane LLP, Phoenix
By Andrew M. Federhar, Jessica A. Gale
*Counsel for Defendant/Appellee Procaccianti*

Hill, Hall & DeCiancio, PLC, Phoenix
By R. Corey Hill, Chris Robbins
*Counsel for Defendant/Appellee Hilton*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge D. Steven Williams joined.

---

**P E R K I N S**, Judge:

**¶1** This consolidated case involves claims by R.L. Whitmer, Colleen London, and Zadok and Hana Eli (collectively, "Homeowners"), against a homeowner's association ("HOA") and Procaccianti AZ II, L.P. (collectively, "Defendants"). For the fourth time in this Court, Homeowners challenge the HOA's corporate identity and its ability to act on Homeowners' behalf. For the following reasons, we affirm the superior court's denial of Homeowners' motions for relief from judgment.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** In 1970, Procaccianti's predecessor-in-interest (the "Hotel") signed a ground lease for a 20-acre parcel of land. The Hotel subleased eight acres to a condominium called Hilton Casitas, divided the land into 29 tracts, and sold the tracts as individual casitas. Each casita owner paid rent to the Hotel under a sublease agreement. Hilton Casitas was governed by a Declaration of Covenants, Conditions, and Restrictions. The Hotel recorded the Declaration in 1972 and established an unincorporated association named the Hilton Casitas Council of Co-Owners to serve as the HOA under the Declaration. In 1994, the Council of Co-Owners' board of directors incorporated the entity as a non-profit organization and renamed it the Hilton Casitas Council of Homeowners.

**¶3** In 1999, the Hotel amended its sublease with the casita owners ("1999 subleases"). The amended subleases authorized "the Hilton Casitas Council of Co-Owners (now called the Scottsdale Hilton Casitas Homeowners Association)" to negotiate the casita owners' ground rent. After those amendments, Homeowners filed multiple lawsuits alleging that

2

only the earlier, unincorporated Council of Co-Owners, as named in the Declaration, could act as the HOA and negotiate rent under the 1999 subleases.

**¶4**		The superior court has repeatedly ruled that the incorporated Council of Homeowners succeeded the unincorporated Council of Co-Owners as the HOA and is thus authorized to act on behalf of the casita owners under the Declaration and the 1999 subleases. This Court has affirmed the superior court's ruling on this issue three times. *Eli v. Procaccianti AZ II LP*, 1 CA-CV 19-0855, 2021 WL 3088737, at *2, ¶ 10 (Ariz. App. July 22, 2021) (mem. decision); *Shaffer v. Procaccianti AZ II, L.P.*, 1 CA-CV 16-0628, 2018 WL 2306949, at *5–6, ¶¶ 23–24 (Ariz. App. May 22, 2018) (mem. decision); *London v. Karatz*, 1 CA-CV 15-0070, 2016 WL 5746236, at *4, ¶ 17 (Ariz. App. Oct. 4, 2016) (mem. decision).

**¶5**		Homeowners moved under Arizona Rule of Civil Procedure 60 to set aside the superior court's judgments in four cases—CV2012-051066, CV2014-054346, CV2015-053091, and CV2016-050379—alleging that new evidence proved the judgments were obtained by fraud on the court. Whitmer and London asked to depose the HOA's president and its lawyers in support of their Rule 60 motion.

**¶6**		The court denied Rule 60 relief, finding that Homeowners "offer[ed] no further evidence of a 'fraud' on the Court that would merit vacating the judgment[s]." Homeowners then moved under Rule 59 to vacate the court's Rule 60 rulings, which the court also denied.

**¶7**		Homeowners timely appealed. We consolidated the four cases and we have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶8**		Homeowners contend that (1) the Council of Homeowners defrauded the court about succeeding the previous, unincorporated HOA and (2) the court erred by denying their deposition requests.

## I.	Rule 60(d)(3) Relief

**¶9**		Homeowners challenge the superior court's denial of their Rule 60 motions, alleging that new evidence proves Defendants defrauded the court about the Council of Homeowners' status as their HOA and its authority to act on behalf of the casita owners. Ariz. R. Civ. P. 60(d)(3). We review denials of Rule 60 motions for an abuse of discretion. *Fry v. Garcia*, 213 Ariz. 70, 72, ¶ 7 (App. 2006).

¶10            The superior court may set aside a judgment when the moving party proves by clear and convincing evidence that the judgment was the product of fraud on the court. *Clark v. Kreamer*, 243 Ariz. 272, 275, ¶ 13 (App. 2017). "Fraud upon the court occurs when a party obtains a judgment by concealing material facts and suppressing the truth with the intent to mislead the court." *Id.* (cleaned up). Clear and convincing evidence is a "heightened standard of proof [] indicat[ing] that the thing to be proved is highly probable or reasonably certain." *Kent K. v. Bobby M.*, 210 Ariz. 279, 284–85, ¶ 25 (2005) (cleaned up).

¶11            Homeowners rely on three new pieces of evidence to support their Rule 60(d)(3) fraud claim—settlement agreements from CV2019-052885 and CV2021-054500, and the Lower Court of Appeals ruling in LC2022-000424. Homeowners direct us to specific portions of each agreement, which we outline below.

¶12            First, the CV2019-052885 settlement agreement between Whitmer, London, and the Council of Homeowners states, in part:

> The Hilton Casitas Homeowners Association agrees that its authority is to enforce the use restrictions under the [Declaration] and to collect HOA dues. The Hilton Casitas Homeowners Association also agrees, as part of the settlement, that it is not a party to what it has been referred to as the 1999 subleases.

¶13            Second, the CV2021-054500 settlement agreement between Whitmer, London, and the Council of Homeowners states, in part:

> WHEREAS, the Arizona Court of Appeals has affirmed that the Association, which was incorporated in 1994, is the successor to the pre-1994, unincorporated Council. Therefore, the Association, although not specifically named in the Declaration, is subject to the Declaration and A.R.S. § 33-1201 et seq.

¶14            Finally, Homeowners point us to LC2022-000424, a superior court ruling reviewing an administrative decision by the Arizona Department of Real Estate. In its ruling, the court interpreted the Declaration, noting:

> As written, the Declaration defines Council as "all of the owners of the Casitas." Declaration at 1.4. This Court has no authority to define it any other way . . . . While actions by the

4

Council at times may be cumbersome, the Council must still abide by the terms of the Declaration, unless and until amended. Until such a time, the provision at issue here requires the annual assessment for each Casita to be determined by a majority vote of a quorum of all of the Casita owners.

**¶15** Homeowners contend these agreements and ruling establish the Council of Homeowners is not a party to the 1999 subleases and is not named in the Declaration. Homeowners argue that the settlement agreements are admissions by the Council of Homeowners that it did not succeed the unincorporated Council of Co-Owners and thus has no authority to act on the casita owners' behalf under the Declaration or 1999 subleases. They contend the court's finding in LC2022-00424—i.e., the Declaration defines the Council as the casita owners, not the incorporated Council of Homeowners—"conclusively demonstrates" that Defendants deceived the court by claiming the Council of Homeowners succeeded the previous Council of Co-Owners.

**¶16** Homeowners' new evidence does not prove by clear and convincing evidence that Defendants concealed material facts with the intent to defraud the superior court. *See Clark*, 243 Ariz. at 275, ¶ 13. There is no dispute that the Council of Homeowners is not named in the Declaration and is not a party to the 1999 subleases. These facts are readily ascertainable from the faces of both documents.

**¶17** The agreements and ruling are consistent with the Council of Homeowners' long-held position that it is the successor-in-interest to the unincorporated Council of Co-Owners, regardless of whether it is named in the Declaration or identified as a party in the 1999 subleases. Indeed, the CV2021-054500 settlement agreement says exactly that. *Supra* ¶ 13 ("[T]he Association, which was incorporated in 1994, is the successor to the pre-1994, unincorporated Council."). Without more, we cannot say that fraud on the court as to the Council of Homeowners' status as HOA "is highly probable or reasonably certain." *Kent K.*, 210 Ariz. at 284–85, ¶ 25; *see also Klinger v. Hummel*, 11 Ariz. App. 356, 358–59 (1970) (inconclusive, speculative evidence is insufficient to satisfy the heightened burden of proof for fraud).

**¶18** The superior court did not abuse its discretion by finding Homeowners' new evidence was insufficient to prove fraud on the court by clear and convincing evidence.

## II.     Deposition Requests

**¶19**         Whitmer and London argue the superior court erred by denying their request to depose the HOA's president and its lawyers in support of their Rule 60 motion. "We review a court's rulings on discovery issues for abuse of discretion." *Campion v. City of Tucson*, 256 Ariz. 256, 264, ¶ 18 (App. 2023).

**¶20**         Whitmer and London's deposition request admitted that the superior court "can rule in favor of Plaintiffs on the Rule 60(d)(3) motion without additional evidence." Because Whitmer and London conceded the depositions were not essential to resolve their motion, the court did not err in denying their discovery request.

## III.     Attorney Fees on Appeal

**¶21**         Defendants request attorney fees incurred on appeal under both Section 12-341.01 and Section 12-349. In our discretion, we award Defendants their reasonable attorney fees under Section 12-341.01 and their taxable costs upon compliance with ARCAP 21.

**CONCLUSION**

**¶22**         We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR
